UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

REYNALDO AGAVO,

       Petitioner,

v.

DWIGHT NEVEN, *et al.*,

       Respondents.

Case No. 2:13-cv-01741-JCM-CWH

ORDER

    This counseled habeas petition pursuant to 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss Ground Seven of the second amended petition. (ECF No. 56). Petitioner has opposed (ECF No. 59), and respondents have replied (ECF No. 64).

**Procedural Background**

    Petitioner filed his federal habeas petition on September 23, 2013. (ECF No. 1). The court appointed counsel and granted leave to file an amended petition, which counsel did on October 6, 2014. (ECF Nos. 4 & 15). The amended petition added a claim not in the original petition: Ground Seven, which alleged that Natalia Diaz, a witness against petitioner in his criminal case, was paid excessive amounts of money in exchange for her testimony, that the State failed to disclose these payments to the defense, and that the State failed to correct Diaz when on the stand she denied receiving any benefit for her testimony. Shortly after filing his amended federal petition, petitioner filed a second state habeas petition to exhaust Ground Seven of his amended federal petition. (Ex. 194).[1]

    Respondents moved to dismiss the amended petition as untimely and partially unexhausted. (ECF No. 28). Relevant to the instant motion, the court found Ground Seven timely under 28 U.S.C. § 2244(d)(1)(D). (ECF No. 43). Because Ground Seven was unexhausted and the court found good cause for the failure to first exhaust the claim in state court before filing in federal

---

[1] The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 16-25, 35 & 46.

1

court, the court granted petitioner a stay to pursue his second state petition and exhaust the claim. (*Id.*)

The state courts ultimately denied the second petition as successive and untimely. (Exs. 210 & 218). Petitioner then filed motions moved to re-open this action and for leave to file a second amended petition, both of which the court granted. (ECF Nos. 45, 47 & 49). Based on the state courts' findings dismissing the second state petition as procedurally barred, respondents again move to dismiss Ground Seven as untimely, or in the alternative, procedurally defaulted. (ECF No. 56).

**Timeliness**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations that runs from the latest of several specified dates. 28 U.S.C. § 2244(d)(1). The court previously found Ground Seven timely under § 2244(d)(1)(D), (ECF No. 43 at 15), and petitioner does not argue that Ground Seven is timely under any other provision. Section 2244(d)(1)(D) renders timely a claim filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Ground Seven asserts that the State "committed a *Brady* violation when it failed to disclose to the defense … excessive witness payments—over $2,500 in total—it had paid to Natalia Diaz, the mother of the victim, for her and V.D.'s testimony against Agavo."[2] The petition outlines the specific ways in which, petitioner alleges, both Diaz and V.D. were paid in excess of what they were statutorily entitled to under Nev. Rev. Stat. § 50.225. It also alleges that the state violated *Napue v. Illinois*, 360 U.S. 264, 269 (1959) by failing to correct Diaz's testimony at trial when she stated she had received no benefit for her testimony. (ECF No. 50 at 29-41).

In its order on respondents' first motion to dismiss, the court held that "[p]etitioner was not put on notice that the State had been making payments to witnesses," despite the fact that § 50.225 authorized such payments, because the claim was that witnesses were being paid more than what was authorized by statute, Diaz denied on the stand that she had received any money, and the State

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

failed to correct her. (ECF No. 43 at 15). The court noted that it was not until a series of newspaper articles in late 2013, which related to alleged overpayment of witnesses by the state, that petitioner was alerted to the possibility that witnesses in his case might have been overpaid. (*Id.*) Appointed counsel investigated and, after a laborious search, uncovered evidence in June and July 2014 indicating, petitioner asserts, that the witnesses had been overpaid. (*Id.* at 15-16). The court concluded that the amended petition, filed on October 6, 2014, was thus filed "within one year of when the evidence could have been first discovered through the exercise of due diligence." (*Id.* at 16).

In addressing whether petitioner had established cause and prejudice to excuse the procedural bar of his second petition, the Nevada Court of Appeals held:

> Given Agavo's knowledge and use of [the witness payment] program, he failed to demonstrate an impediment external to the defense prevented him from discovering that the State also used the witness fee program because this information could have been reasonably discovered by the defense with sufficient time to raise any related claims in his prior petition. *See Rippo v. State*, 113 Nev. 1239, 1258, 946 P.2d 1017, 1029 (1997) (explaining that a statement was not withheld because the defense could have inspected the State's case files and discovered the statement itself); *Steese v. State*, 114 Nev. 479, 495, 960 P.2d 321, 331 (1998) ("*Brady* does not require the State to disclose evidence which is available to the defendant from other sources, including diligent investigation by the defense."); *see also United States v. Dupuy*, 760 F.2d 1492, 1501 n.5 (9th Cir. 1985) ("Since suppression by the Government is a necessary element of a Brady claim, if the means of obtaining the exculpatory evidence has been provided to the defense, the *Brady* claim fails." (internal citation omitted)). Because Agavo could reasonably have discovered this information in a timely manner, he failed to demonstrate an impediment external to the defense prevented him from complying with the procedural bars. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Therefore, we conclude the district court properly concluded Agavo did not [sic] good cause sufficient to overcome the procedural bars.

(Ex. 218 at 4). The state courts also concluded that there was no evidence that Diaz was overpaid. (*Id.* at 5-6). The Nevada Court of Appeals further noted that petitioner could have discovered that Diaz had been paid simply by interviewing her in a timely manner. (*Id.* at 6 n.6).

Respondents argue that the state courts thus found that the factual basis of Ground Seven was available to petitioner at the time of litigating his first state habeas petition, that the court must treat this factual conclusion as presumptively correct under 28 U.S.C. § 2254(e)(1), and that the court should therefore reconsider its prior conclusion that Ground Seven is timely. Petitioner argues that reconsideration is not appropriate on several grounds, including that the court owes no

deference to the state court's factual finding when deciding whether a petition is timely under federal law, that even if deference applied in this context, the state court's finding is a mixed question of law and fact to which no deference is owed, and that the state court's factual finding is not inconsistent with this court's previous factual finding.

The court agrees with petitioner that reconsideration is not warranted. The Nevada Court of Appeals held that petitioner could have discovered that "the State also used the witness fee program" in time to raise the claim in petitioner's first state habeas petition. But the claim here is that the State was misusing the program by overpaying witnesses and that it did not disclose this fact to the defense. The state courts held that the witnesses were not overpaid, but neither made a finding regarding whether the evidence petitioner alleges supports his overpayment claim could have been reasonably discovered earlier. Given the undisputedly laborious process of collecting and analyzing all the receipts showing the witness payments, the court is not persuaded that due diligence required petitioner to scour through those receipts absent a reason to believe the State might have been exceeding the statutorily permitted amounts. That indication did not arise until the series of newspaper articles in late 2013. Accordingly, as there is no basis for the court to reconsider its prior decision, the motion to dismiss Ground Seven as untimely will therefore be denied.

**Procedural Default**

Respondents argue that even if the claim is timely, it is procedurally defaulted and should therefore still be dismissed.

A federal court cannot review even an exhausted claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126,

1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Nevada Court of Appeals affirmed denial of petitioner's second petition as untimely and successive. The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, Nev. Rev. Stat. § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999). However, in ruling that petitioner had no cause and prejudice to excuse the procedural bar, the state courts considered two of the three elements of the federal *Brady* claim. (*See* Ex. 218). Under these circumstances, the Ninth Circuit has held that the petitioner's *Brady* and *Napue* claims are not procedurally defaulted. *Cooper v. Neven*, 641 F.3d 322, 332–33 (9th

Cir. 2011). Accordingly, the motion to dismiss Ground Seven as procedurally defaulted will be denied.

**Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 56) is DENIED.

IT IS FURTHER ORDERED that respondents shall file an answer to the second amended petition within 60 days of the date of this order. Petitioner will have 30 days from service of the answer to file a reply.

IT IS SO ORDERED.

DATED: February 7, 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE