|   |   |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF NEVADA** |
| REYNALDO AGAVO, | Case No.: 2:13-cv-01741-JCM-DJA |
| Petitioner | **Order** |
| v. | |
| CALVIN JOHNSON, | |
| Respondents | |

Before the Court in this habeas matter is Respondents' Motion for Relief from Judgment (ECF No. 96) under Fed. R. Civ. P. 60(b).

**Background**

In October 2021, the Court conditionally granted the petition for writ of habeas corpus as to ground one, vacated the state court judgment of conviction, and ordered Petitioner's release unless the state elected to retry Petitioner and commence jury selection within 120 days following the election to retry Petitioner. ECF No. 88 at 41-42. Following appellate proceedings, on October 26, 2023, the state filed a notice of intent to retry Petitioner. ECF No. 95. As such, the deadline to commence jury selection was February 23, 2024.

Respondents request the Court amend the judgment to allow jury selection in the retrial to commence no later than June 24, 2024, because although Respondents generally informed the district attorney's office of the timeline for compliance, Respondents failed to specifically inform the district attorney's office of the date for compliance, and the district attorney's office requires additional time to prepare for the retrial. ECF No. 96 at 3. Petitioner asserts that he "ultimately stakes no position on the State's motion," but provides that to the extent Respondents seek an extension based on excusable neglect, the factors weigh against a finding of excusable neglect.

ECF No. 97 at 3.

**Discussion**

When a court issues a writ of habeas corpus, it declares in essence that the petitioner is being held in custody in violation of his constitutional rights. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action, such as to retry the petitioner. *See, e.g., Wilkinson v. Dotson,* 544 U.S. 74, 89 (2005) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing"); *Herrera v. Collins,* 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence.") "[C]onditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give states time to replace an invalid judgment with a valid one." *Wilkinson*, 544 U.S. at 87. *See also Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008).

The Ninth Circuit has held that a district court can modify its conditional writ even after the time provided in the conditional writ has lapsed. *Harvest*, 531 F.3d at 744. "Logically, the equitable power of the district court in deciding a habeas petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency." *Id*. (citing *Gilmore v. Bertrand*, 301 F.3d 581, 582-83 (7th Cir. 2002). Such modifications are governed by the Habeas Rules and, by incorporation, the Rules of Civil Procedure, including Rule 60. *Harvest*, 531 F.3d at 745.

Under Rule 60, the court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b); *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

The court may grant an extension of time under Rule 6 when a party moves to extend a deadline before the original time expires and the stated reasons show good cause. Fed. R. Civ. P. 6(b)(1); LR IA 6-1. However, Rule 6 specifically prohibits extensions of the deadlines set forth in Rules 59(e) and 60(b). Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

The Court considers the four-factor test the Supreme Court established in *Pioneer*: (1) the danger of prejudice to the nonmoving party; (2) the length of delay; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993).

In *Harvest*, the court found the state had not complied with a district court's conditional writ ordering retrial within sixty days, and ordered the petitioner unconditionally released from custody. 531 F.3d at 750. The district attorney in *Harvest*, however, did not file a new complaint against the petitioner until sixty-four days after the expiration of the district court's order. *Id*. at 740-41. Here, Respondents filed their motion before the deadline to comply passed and have communicated the need to comply with the Court's conditional writ order with the district attorney's office.

3

Petitioner asserts prejudice because that the current delays "have amounted to wasted time." ECF No. 97 at 3. Although Petitioner has been in custody for nearly twenty years, as he points out, the Court does not find an actual possibility of prejudice to his interests based on the delay in question. Petitioner asserts that he has been unable to meaningfully prepare his defense because the state district court has not ruled on his *pro se* motion for appointment of counsel. Such delay in appointment of counsel, however, is not within Respondents' reasonable control. Accordingly, the Court does not find prejudice and the length of delay is relatively minimal.

Although Respondents acknowledge that they did not initially inform the district attorney's office of the specific deadline for retrial, they communicated the deadline for compliance upon discovering their inadvertence. Respondents further assert that the additional time is largely the practical result of the district attorney's office reconstructing a decades old case in addition to managing their current case load. To the extent the reason for the delay was due to Respondents' carelessness, the Court does not find the carelessness inexcusable. *See Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (finding excusable neglect for untimely filing of notice of appeal due to failure of law firm's calendaring system). In addition, the Court finds no evidence of bad faith. Accordingly, the Court will grant Respondents' motion.

IT IS THEREFORE ORDERED that Respondents' Motion for Relief from Judgment (ECF No. 96) is granted.

It is further ordered that Judgment (ECF No. 88) is modified to extend the deadline for the State to commence jury selection in the retrial to June 24, 2024.

DATED this  day of April, 2024.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE