# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| REYNALDO AGAVO, | Case No.: 2:13-cv-01741-JCM-DJA |
| Petitioner | **Order** |
| v. | |
| CALVIN JOHNSON, | |
| Respondents | |

Before the Court in this habeas matter is Respondents' unopposed Motion for Relief from Judgment (ECF No. 100) under Fed. R. Civ. P. 60(b).

**Background**

In October 2021, the Court conditionally granted the petition for writ of habeas corpus as to ground one, vacated the state court judgment of conviction, and ordered Petitioner's release unless the state elected to retry Petitioner and commence jury selection within 120 days following the election to retry Petitioner. ECF No. 88 at 41-42. Following appellate proceedings, on October 26, 2023, the state filed a notice of intent to retry Petitioner. ECF No. 95. As such, the deadline to commence jury selection was February 23, 2024. In April 2024, the Court granted Respondents' request to amend the judgment to allow jury selection in the retrial to commence no later than June 24, 2024. ECF No. 96 at 3.

Respondents now request an extension of time to comply with the commencement of jury selection up to and including May 22, 2025. ECF No. 100. They assert that the state district court set a trial date on May 12, 2025, and the state district court granted Petitioner's release on his own recognizance, subject to monitoring, pending his retrial.

**Discussion**

When a court issues a writ of habeas corpus, it declares in essence that the petitioner is being held in custody in violation of his constitutional rights. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action, such as to retry the petitioner. *See, e.g., Wilkinson v. Dotson,* 544 U.S. 74, 89 (2005) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing"); *Herrera v. Collins,* 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence.") "[C]onditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give states time to replace an invalid judgment with a valid one." *Wilkinson*, 544 U.S. at 87. *See also Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008).

The Ninth Circuit has held that a district court can modify its conditional writ even after the time provided in the conditional writ has lapsed. *Harvest*, 531 F.3d at 744. "Logically, the equitable power of the district court in deciding a habeas petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency." *Id*. (citing *Gilmore v. Bertrand*, 301 F.3d 581, 582-83 (7th Cir. 2002). Such modifications are governed by the Habeas Rules and, by incorporation, the Rules of Civil Procedure, including Rule 60. *Harvest*, 531 F.3d at 745.

Under Rule 60, the court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b); *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

The Court considers the four-factor test the Supreme Court established in *Pioneer*: (1) the danger of prejudice to the nonmoving party; (2) the length of delay; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993). In consideration of the *Pioneer* factors and because Petitioner does not oppose the motion, the Court will grant Respondents' motion.

IT IS THEREFORE ORDERED that Respondents' Motion for Relief from Judgment (ECF No. 100) is granted.

It is further ordered that Judgment (ECF No. 88) is modified to extend the deadline for the State to commence jury selection in the retrial to May 22, 2025.

DATED October 9, 2024.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE